CHARLES YOUNG *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

[40 South. Rep., 870.]

1. RAILROADS. *Killing live stock on track. Code* 1892, § 1808.

Proof that a mule was killed by the running of the locomotive of a railroad company establishes a *prima facie* case of want of reasonable care in the management thereof by the company, under Code 1892, § 1808, so providing.

2. SAME. *Highways. Signals. Code,* 1892, § 3547.

Code 1892, § 3547, requiring a railroad company to cause a bell to be rung or a whistle to be blown at a distance of at least three hundred yards from a highway crossing as a train approaches it, is for the protection of live stock as well as persons.

3. SAME. *Question for jury.*

Whether a railroad company, sued for killing an animal at a crossing, overcame the *prima facie* case of negligence established under Code 1892, § 1808, by showing a compliance with section 3547 relating to the giving of signals before reaching highway crossings, and by showing that a proper lookout was kept, the evidence being conflicting, is for the determination of the jury.

FROM the circuit court of Clay county.

HON. J. T. DUNN, Judge.

Young, the appellant, was plaintiff in the court below; the railroad company, the appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Fred G. Barry,* for appellant.

There is no controversy as to the fact of the killing of appellant's mule by the train of appellee. The only conflict is as to whether the statutory signals were given or not. The charges of the plaintiff below, which were refused, are mainly transcripts from the code of 1892, and as to proximate cause, the

language of our supreme court. They should have been given, and the peremptory charge of appellee refused.

The appellant violated these statutes, especially § 3457, Code 1892.

That the failure to comply with this statute was a question for the jury to decide—that is, whether or not such failure was the proximate cause of the injury to the animal—or, if there is a conflict of testimony on this point, that also should have gone to the jury to decide. This is clearly settled in appellant's favor in the case of *Louisville, etc., R. R. Co.* v. *Crominarity,* decided by this court June 12, 1905, reported in 86 Miss., 864 (s.c., 38 South. Rep., 633). That case is singularly pertinent to this.

*Mayes & Longstreet,* and *J. M. Dickinson,* for appellee.

The engineer testifies that he was keeping a due lookout; that the mule was within six feet of the track and almost right in front of the engine when he saw it, and that nothing he did, or could have done, could have prevented the accident.

It is evident from the physical circumstances that the engineer's story is true, and nowhere in the record by any witness for plaintiff or defendant is this material statement of the engineer contradicted.

If it be true, as stated by him, that while he was keeping a due lookout and going through this cut he did not and could not see the mule until it walked out almost on the track in front of his engine, it needs no argument to demonstrate that it would have been a simple impossibility to prevent striking the mule. The mule walked into the train, and was not chased; was crossing at right angles with the track, and was struck on the head and neck. *Chicago, etc., R. R. Co.* v. *Packwood,* 59 Miss., 280.

CALHOON, J., delivered the opinion of the court.

The animal was killed at a public road crossing by an engine of the appellee at night. Since it was done by the running of

the locomotive, this fact made out a *prima facie* case of want of reasonable care on the part of the railroad company (Code 1892, § 1808), and the burden was on it to show the contrary. To relieve of this burden the engineer testified that he was running with due lookout at thirty miles an hour; that the crossing is in a cut eight to ten feet deep; that when he first saw the mule it was within twenty or thirty feet of the engine, and within six feet of the track; that it walked on the track, was struck in the head and killed; that he whistled for the crossing; that the fireman rang the bell until the road was crossed; and that the killing was unavoidable. The fireman testified that he was on the left side of the engine, never saw the mule nor the killing of it, and he does not say whether he did or did not ring the bell or blow the whistle.

On behalf of appellant there was evidence, in contradiction, that on the side the mule was the cut did not obstruct the view, and that the bell did not ring nor the whistle blow. One witness was not permitted to testify about this, which is error. Code 1892, § 3547, requiring continuous whistling or ringing for three hundred yards before reaching the highway crossing, is for the protection of animals as well as persons, and it was for the jury to say whether this precaution was used, and whether, if observed, the accident might have been prevented, and whether a proper lookout was in fact kept. The peremptory instruction was improper.

*Reversed and remanded.*